# UNITED STATES OF AMERICA
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JUDITH A. BRANDENBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV2103-SNL |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on motions for judgment on the pleadings (#17) or, in the alternative, for summary judgment (#20) filed by defendant General Motors Corp. Defendant argues that plaintiff Judith A. Brandenburg was a statutory employee within the meaning of Mo.Rev.Stat. § 287.040.1 and, therefore, plaintiff's sole remedy is through Missouri's Worker's Compensation Law and defendant is protected by immunity from civil liability at common law. For the reasons discussed below, the Court agrees with defendant and grants the motion for summary judgment in favor of defendant on plaintiff's complaint.

As a preliminary matter, the Court will treat the motion for judgment on the pleadings as one for summary judgment because matters outside the pleadings have been presented. Fed.R.Civ.P. 12(c), 56.

In August 2005 plaintiff filed a petition in state court (Circuit Court for St. Louis County) against defendant, alleging that an employee, agent or contractor of defendant negligently drove a company motor vehicle into plaintiff, running over her and causing her injury. In November 2005 defendant timely removed the case to federal court on the basis of diversity jurisdiction. 28

U.S.C. §§ 1332, 1446. Defendant is incorporated in Delaware and its principal place of business is in Michigan. Plaintiff is a citizen of Missouri. The accident occurred at defendant's plant in Wentzville, Missouri. At the time of the accident, plaintiff was employed as a driver by Jack Cooper Transport, Inc., which had contracted with defendant to move new motor vehicles from a staging area adjacent to the plant to tractor trailer car carriers for transportation to customers. On her first day of work, plaintiff had moved one or two motor vehicles. At the time of the accident, she was standing in the staging area between two motor vehicles, talking with another Jack Cooper employee. The motor vehicles were parked in rows in the staging area. A third Jack Cooper employee was standing in the door of a motor vehicle parked next to plaintiff looking over the top of the cab. He drove the motor vehicle forward, striking plaintiff in the leg and running over her.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden

2

is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d. 986, 990 (8th Cir. 1998)(citations omitted); *see*, Mayer v. Nextel West Corp., 318 F.3d. 803, 806 (8th Cir. 2003) *citing* Keathley v. Ameritech Corp., 187 F.3d. 915, 919 (8th Cir. 1999). However, it is clear that to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Systems, Inc., 348 F.3d. 732, 733-34 (8th Cir. 2003) *quoting* Wilson v. Int'l Bus. Mach. Corp., 62 F.3d. 237, 241 (8th Cir. 1995); Girten v. McRentals, Inc., 337 F.3d. 979, 982 (8th Cir. 2003).

Defendant argues in its motion for summary judgment that it is a statutory employer, as that term is defined in Mo.Rev.Stat. § 287.040.1 (2006), and plaintiff's exclusive remedy against defendant is under the Missouri Worker's Compensation Act (in administrative proceedings before the Division of Workers' Compensation of the Missouri Department of Labor and Industrial Relations). (The Court notes that, in state court "[a] motion to dismiss for lack of subject matter jurisdiction is the proper method to raise the defense of workers' compensation." E.g., State ex rel. McDonnell Douglas Corp. v. Ryan, 745 S.W.2d 152, 153 (Mo. 1988).)

In a diversity case, the Court looks to the choice of law rules of the forum state to determine which substantive law to apply. E.G., Schoffman v. Central States Diversified, Inc., 69 F.3d 215, 219 n. 10 (8th Cir. 1995). "For tort (and contract) claims, Missouri courts apply the 'most significant relationship' test found in the Restatement (Second) of Conflict of Laws § 145 (1971)." Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996) (citations omitted). "Under this test, the identity of the state having the most significant relationship will depend upon the nature of the cause of action and upon the particular legal issue in dispute." Id.

"In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws § 146. "This formulation essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred." Dorman v. Emerson Electric Co., 23 F.3d 1354, 1358 (8th Cir.) (citing Missouri cases), cert. denied, 513 U.S. 964 (1994). Here, the conduct, the accident and the injury occurred in Missouri and plaintiff resides in Missouri; thus,

4

Missouri has the most significant relationship to the occurrence and the parties, and the Court will apply Missouri law.

"The Worker's Compensation Law supplants the common law in determining remedies for on-the-job injuries." Sexton v. Jenkins & Assocs., Inc., 41 S.W. 3d 1, 5 (Mo.Ct.App. 2001).

"The common law provided an employer with several defenses to a civil claim for damages filed by an employee. Three of these, assumption of the risk, contributory negligence, and the employer's non-liability for acts of third parties, effectively barred the negligent employee from recovering damages in a common law action for work-related injuries in most cases. The common law permitted an injured employee to recover for work-related injuries only if he or she could prove that the accident resulted solely from the employer's negligence." . . .

"Responding to the common law's seeming inability to fashion a remedy to provide redress for workers injured in increasingly common industrial accidents, state legislatures adopted worker's compensation laws that imposed a statutory contractual provision on the employee-employer relationship. . . . The statutory contract provided a means of compensating the injured worker that, with exceptions, eliminated the common law's concerns with negligence and fault altogether, established levels of compensation and provided for administrative determinations of the nature and extent of injury, subject to judicial review." . . .

"Appellate courts [in Missouri] have interpreted the legislature's admonition to construe the [Worker's Compensation Act] liberally to mean that '[t]he legislative design . . . was to ameliorate, in the interest of the [worker] and the public welfare, the losses sustained by [the worker] and [the worker's] dependents from accidental injuries received by [the worker] in the proper course of . . . work'." Bass v. National Supermarkets, Inc., 911 S.W.2d 617, 619 (Mo.

banc 1995) (citations omitted, cert. denied, 517 U.S. 1208 (1996).

Thus, "[p]ursuant to the Worker's Compensation Act], employers are immune from common law actions arising out of an employee's accidental injury or death while in the course of employment. Mo.Ann.Stat. § 287.120.1. Rather, the remedy for such an injury or death is a claim for compensation under the [Worker's Compensation Act]." Pauley v. Ball Metal Beverage Container Corp., 460 F.3d 1069, 1073 (8th Cir. 2006) (citations omitted). "Contractors and subcontractors may qualify as employers under the Worker's Compensation Act." Id.

Mo.Rev.Stat. § 287.040.1 provides:

"Any person who has work done under contract on or about his [or her] premises which is an operation of the usual business which he [or she] there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his [or her] subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his [or her] business." This provision "takes away the common law rights of employees for negligence of certain third parties by defining the third parties as statutory employers, even though they are not actual employers." Looper v. Carroll, 202 S.W.3d 59, 62 (Mo.App. W.D. 2006). "The purpose of [this provision] is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which [its] own employees would otherwise perform." Gianino v. American Can Co., 600 F. Supp. 191, 192-193 (E.D. Mo.), aff'd., 782 F.2d 1048 (8th Cir. 1985) (table).

As provided in Looper, "statutory employment exists when: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of the alleged statutory employer's business."

6

Looper v. Carroll, 202 S.W. 3d at 62 (footnote omitted). The "usual business" of the alleged statutory employer is defined as,

> "Those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement."

Bass v. National Super Markets, Inc., 911 S.W. 2d at 621. "There is no limitation in § 287.040 as to the number of statutory employers an employee may have." State ex rel. MSX Int'l., Inc. v. Dolan, 38 S.W.3d 427, 430 (Mo. banc 2001).

In the present case, there was a contract in existence between plaintiff's actual employer (Jack Cooper Transport) and defendant (the alleged statutory employer, General Motors Corp.) (the contract is Exh. A). The contract required Jack Cooper Transport to move new motor vehicles from the staging area to tractor trailer car carriers for transportation to other destinations. Jack Cooper Transport hired plaintiff to work as a driver. According to an affidavit submitted by defendant, moving new motor vehicles that had been manufactured by defendant from the staging area to the tractor trailer car carriers is a necessary part of defendant's business, that occurs on a daily basis, except for weekends and holidays (although sometimes Saturday work is scheduled), and defendant would have to hire employees to perform this work, absent the contract. (Exhs. C, D). The injury occurred on or about the premises of defendant.

In opposition to the motion for summary judgment, plaintiff argues that she does not know and needs discovery to determine whether she was, in fact, performing work pursuant to

the contract when she was injured. She also argues that discovery is needed to determine whether the work performed pursuant to the contract was within the "usual business" of defendant.

In reply, defendant argues that in her deposition plaintiff admitted that she was an employee of Jack Cooper Transport and that she was working at the time of the accident. Defendant also argues that plaintiff has admitted that moving new motor vehicles was work contemplated by the contract. Defendant also argues that an affidavit established that the work performed was in the usual course of its business because moving new motor vehicles from the staging area to tractor trailer car carriers was necessary, done virtually daily, and absent the contract, defendant's employees would have had to perform that work.

The Court concludes that defendant was the statutory employer of plaintiff at the time of the accident and that, as a statutory employer, defendant is immune from suit. Plaintiff's sole remedy against defendant is through the Missouri Worker's Compensation Act. Accordingly, the Court grants summary judgment in favor of defendant because it is a statutory employer.

Dated this __26th__ day of February, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE